IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-98-D
No. 5:13-CV-858-D

| | |
|---|---|
| BRIAN RASHED DEBNAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 27, 2014, Brian Rashed Debnam ("Debnam") moved to vacate, set aside, or correct his 198-month sentence pursuant to 28 U.S.C. § 2255. See [D.E. 73]. On May 12, 2014, the government moved to dismiss Debnam's section 2255 motion. See [D.E. 77]. On May 30, 2014, Debnam responded in opposition to the government's motion. See [D.E. 80]. As explained below, the court grants the government's motion to dismiss.

On April 13, 2006, a federal grand jury in the Eastern District of North Carolina indicted Debnam on one count of possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one), and two counts of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (counts two and three) [D.E. 10]. On January 8, 2007, Debnam pleaded guilty, pursuant to a written plea agreement, to count two of the indictment, possession of a firearm by a felon. See [D.E. 47]. In his plea agreement, Debnam expressly waived "all rights . . . to appeal whatever sentence is imposed," and expressly waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255," with limited exceptions. Plea Agreement [D.E. 47] ¶ 2.c.

On August 7, 2007, at Debnam's sentencing hearing, the court determined that Debnam was an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and calculated Debnam's advisory guideline range to be 188 to 235 months' imprisonment. See Presentence Investigation Report ("PSR") ¶¶ 25, 60, 63; [D.E. 58] (noting that Debnam withdrew his objections to the PSR at sentencing). After considering the entire record, the arguments of counsel, Debnam's statement, and all of the factors under 18 U.S.C. § 3553(a), the court sentenced Debnam to 198 months' imprisonment. See Judgment [D.E. 59]. On August 16, 2007, the court entered judgment. Id.

On April 14, 2008, Debnam moved for a 90-day extension of time to file a section 2255 motion. See [D.E. 60]. On April 24, 2008, the court denied Debnam's motion for an extension of time. See [D.E. 61].

On January 12, 2009, Debnam filed a direct appeal. See [D.E. 62]. The government moved to dismiss Debnam's appeal, arguing that Debnam failed to timely appeal both his judgment of conviction and the court's order denying him an extension of time to file a section 2255 motion. On March 18, 2009, the United States Court of Appeals for the Fourth Circuit granted the government's motion to dismiss and dismissed Debnam's appeal. [D.E. 66]; see Fed. R. App. P. 4(b)(1)(A)(i); Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001). On April 9, 2009, the Fourth Circuit's mandate issued.

In his section 2255 motion, Debnam cites United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and United States v. Davis, 720 F.3d 215 (4th Cir. 2013), and claims that the court improperly designated him to be an armed career criminal. Specifically, Debnam cites Simmons and argues that one of his prior convictions no longer qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"). See PSR ¶ 14. Next Debnam cites Davis and argues that, because

2

he received a consolidated sentence for two of his prior convictions, the court should not have counted the two convictions separately. See PSR ¶¶ 15–16.

Debnam filed his section 2255 motion more than six years after his judgment of conviction became final. Thus, Debnam's motion is untimely under 28 U.S.C. § 2255(f)(1). See United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Debnam's motion is untimely under 28 U.S.C. § 2255(f)(3) because none of the cases he cites retroactively apply to him on collateral review. See, e.g., United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012) (holding that Simmons is not retroactive to petitioners like Debnam on collateral review);[1] Lee v. United States, Nos. 7:07-CR-79-D, 7:11-CV-177-D, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 8, 2013) (unpublished) ("Davis announced a purely procedural rule that is not retroactive on collateral review."). Likewise, Debnam's motion is untimely under 28 U.S.C. § 2255(f)(4). See, e.g., United States v. Bowman, No. 13-6827, 2014 WL 1228589, at *3 (4th Cir. Mar. 26, 2014) (per curiam) (unpublished); United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished); United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005).

Nothing in the record suggests that equitable tolling should apply. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). "[T]o be entitled to

---

[1] Miller v. United States, 735 F.3d 141 (4th Cir. 2013), does not alter this conclusion. Unlike in Miller, the government has not waived the statute of limitations in 28 U.S.C. § 2255(f)(1)–(4). Cf. id. at 143. Moreover, unlike in Miller, Debnam is not actually innocent of his offense of conviction. See id. at 142–47.

3

equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted). Debnam has alleged no such extraordinary circumstances. See, e.g., Sawyer, 552 F. App'x at 232. Accordingly, the court dismisses Debnam's section 2255 motion as untimely.

Alternatively, even if Simmons and Davis applied retroactively to Debnam, he would get no relief. Assuming without deciding that the conviction listed in paragraph 14 of the PSR no longer qualifies as a predicate offense under the ACCA in light of Simmons, Debnam's status as an armed career criminal does not change. Debnam still has three predicate convictions: (1) a North Carolina conviction for attempted robbery with a dangerous weapon, see PSR ¶ 15; (2) a North Carolina conviction for robbery with a dangerous weapon, see PSR ¶ 16; and (3) a North Carolina conviction for common-law robbery. See PSR ¶ 17. Moreover, even after Davis, the fact that Debnam received a consolidated sentence for the convictions listed in paragraphs 15 and 16 is irrelevant under the ACCA. The court properly counted the two convictions separately under the ACCA because Debnam committed the two offenses "on occasions different from one another." 18 U.S.C. § 924(e)(1); see United States v. Benn, Nos. 12-4522, 12-4803, 12-4804, and 12-4851, 2014 WL 2109806, at *12 (4th Cir. May 21, 2014) (per curiam) (unpublished) (holding that "Davis . . . does not apply to the armed career criminal context"); Davis, 720 F.3d at 216 (holding that "a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement" in U.S.S.G. § 4B1.1) (emphasis added); United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998) (noting that the career-offender guideline provision in U.S.S.G. § 4B1.1 and the ACCA provision in 18 U.S.C. § 924(e) use different methods for determining when to count prior offenses as a single conviction); Kizziah v. United States, Nos. 7:13-cv-8042-VEH-JEO, 7:12-

4

cr-0021-VEH-JEO, 2014 WL 51282, at *9 n.8 (N.D. Ala. Jan. 7, 2014) (unpublished). Thus, the court dismisses Debnam's section 2255 motion.

After reviewing the claim presented in Debnam's section 2255 motion, the court determines that reasonable jurists would not find the court's treatment of the claim debatable or wrong, and that it does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 77], and DISMISSES Debnam's section 2255 motion [D.E. 69, 73]. The court also DENIES a certificate of appealability.

SO ORDERED. This **30** day of July 2014.

JAMES C. DEVER III
Chief United States District Judge